**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **COREY RICHARD HORNE,** | : | |
| **Plaintiff** | : | **Civil Action No. 1:11-cv-1378** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **THOMAS KEARNEY, District Attorney,** | : | **(Magistrate Judge Blewitt)** |
| **York County and MARY SABOL, Warden,** | : | |
| **York County Prison,** | : | |
| **Defendants** | : | |

**<u>MEMORANDUM ORDER</u>**

Presently pending before the Court are Plaintiff Corey Richard Horne's motion for

reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure (Doc. No. 16) and two

motions for leave to file an amended complaint, which the Court will construe as Rule 60(b)

motions (Doc. Nos. 26, 31).  For the reasons that follow, the Court will deny the motions.

**I.      BACKGROUND**

On November 22, 2011, the Court adopted Magistrate Judge Blewitt's Report and

Recommendation and granted Defendants' motion to dismiss Plaintiff's complaint with

prejudice.  (Doc. No. 15.)  Plaintiff filed a motion for reconsideration on December 9, 2011,

explaining that he did not file timely objections to the Report and Recommendation because he

never received a copy of it.  (Doc. No. 16.)  Accordingly, the Court granted Plaintiff leave to file

objections to the report (Doc. No. 29), and Plaintiff filed his objections on May 15, 2012 (Doc.

No. 30).  As Plaintiff's objections contain arguments as to why the Court should reconsider the

November 22, 2011 order, the Court will construe them as a brief in support of Plaintiff's motion

for reconsideration.  Plaintiff also filed motions for leave to file an amended complaint, which

the Court will construe as motions for relief from a final judgment under Rule 60(b), on March

1

26, 2012 (Doc. No. 26) and May 15, 2012 (Doc. No. 31).  See Ahmed v. Dragovich, 297 F.3d

201, 208 (3d Cir. 2002).

## II.    STANDARD OF REVIEW

 "After judgment dismissing the complaint is entered, a party may seek to amend the

complaint (and thereby disturb the judgment) only through Federal Rules of Civil Procedure

59(e) and 60(b).  After a final judgment is entered, Rules 59(e) and 60(b) provide a window to

seek to reopen the judgment and amend the complaint."  Burtch v. Milberg Factors, Inc., 662

F.3d 212, 230 (3d Cir. 2011) (internal citations and quotation marks omitted).  "Generally,

motions for reconsideration under Rule 59(e) must rely on one of the following three grounds:

(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need

to correct clear error of law or prevent manifest injustice."  Id. (citation and internal quotation

marks omitted).  Such motions are devices of limited utility, not to be used as a means to

relitigate or rehash legal principles and arguments already presented to and rejected by the court

nor to present additional arguments that could or should have been raised before judgment was

entered.  See Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995) (motions

for reconsideration cannot be used to gain a "second bite" at the apple); Harsco Corp. v.

Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).

 "In this Circuit, where a timely motion to amend judgment is filed under Rule 59(e), the

Rule 15 and 59 inquiries turn on the same factors.  The Rule 15(a) factors include undue delay,

bad faith, prejudice, or futility."  Burtch, 662 F.3d at 230-31 (internal citations and quotation

marks omitted); see also Hill v. City of Scranton, 411 F.3d 118, 134 (3d Cir. 2005).  Thus, when

faced with pending Rule 15(a) and Rule 59(e) motions, the Third Circuit has determined that the

2

district court should "consider the motions together and determine what outcome is permitted by consideration of the Rule 15(a) factors." Burtch, 662 F.3d at 231 (citation and internal quotation marks omitted).

## III.   DISCUSSION

In his Report and Recommendation, Magistrate Judge Blewitt recommended that Plaintiff's complaint be dismissed with prejudice because (1) Plaintiff failed to aver that Defendants "were personally involved in the decision to hold him at [the York County Prison] or in the proceedings in the York County Court to keep him at YCP pending the Commonwealth's appeal;" (2) Plaintiff's claims against Defendant Kearney, the District Attorney of York County, failed because he is entitled to prosecutorial immunity; and (3) Plaintiff's claims against Defendant Warbol failed because she is entitled to absolute immunity.  (Doc. No. 13 at 15, 17-23.)  Despite these conclusions, Plaintiff now contends:

> [A] plausible claim on its face has been alleged and stated, However against the incorrectly named defendants from THOMAS KEARNEY District Attorney of York County to T.L. KEARNEY Assistant District Attorney individual capacity York County, PA, York County Board of Commissioners and/or Prison Board, the entities of the York County D.A. Office and York County Prison MARY SABOL Warden, CLAIR DOLL Deputy Warden of York County Prison.  The change from THOMAS KEARNEY the D.A. to T.L. KEARNEY A.D.A. the son of the D.A. for his personal involvement in the misapplication of the laws, abuse of process and deliberate legal malpractice actions to circumvent the plaintiff civil and const. rights under the color of law.  The other defendants in there failure to act and accept of the deprivation fo the plaintiff rights through knowledge of and within the administrative remedy process. The fact that the individual officers are exonerated is immaterial to liability under 1983.

(Doc. No. 30 at 2.)  In his proposed amended complaint, Plaintiff seeks to add new claims against the aforementioned Defendants sounding in, inter alia, false imprisonment, breach of

3

contract, and violations of the Eighth and Fourteenth Amendments.  (Doc. Nos. 26, 31.)

Here, leave to amend the complaint is not warranted.  First, as a final judgment has been entered in this case, the judicial interests in economy and finality are heightened.  Accordingly, Plaintiff's failure to advance any reason justifying his delay in moving to amend his complaint counsels against granting leave to amend.  See Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001) (noting that "the interests in judicial economy and finality of litigation may become particularly compelling" when a party delays in moving to amend until after judgment has been entered and that "the question of undue delay requires that we focus on the movant's reasons for not amending sooner").  Second, it appears that the majority of the claims Plaintiff intends to assert are based on facts known to him from the outset of this action, suggesting that granting Plaintiff leave to amend would result in undue delay.  See In re Adams Golf, Inc. Secs. Litig., 381 F.3d 267, 280 (3d Cir. 2004) ("The concept of undue delay includes consideration of whether new information came to light or was available earlier to the moving party.").  Third, Plaintiff's new claims would likely prejudice Defendants by incurring additional costs and preparation to defend against new facts and legal theories.  Cureton, 252 F.3d at 273. Fourth, granting Plaintiff leave to amend would be futile in light of the fact that he seeks to raise new claims against individuals and entities who would be immune from liability, as explained more fully in Magistrate Judge Blewitt's Report and Recommendation.  Finally, upon review of Plaintiff's amended complaint, the Court finds that it is a misguided attempt to file an entirely new lawsuit.  In his original complaint, Plaintiff chose his issues, and the Court decided those issues on the merits in favor of Defendants.  Plaintiff's belated desire to change his theory of the case is not an exceptional circumstance warranting relief under Rule 60(b).  See, e.g., Rastelli

Bros., Inc. v. Netherlands Ins. Co., 68 F. Supp. 2d 451, 454 (D.N.J. 1999) ("[P]laintiff cannot

now bring an entirely new lawsuit in the disguise of a motion to amend, especially when no

circumstance prevented plaintiff from doing so prior to judgment.").

   Moreover, the Court finds that reconsideration of the November 22, 2011 order

dismissing Plaintiff's complaint with prejudice is not warranted.  Plaintiff's sole basis for

seeking reconsideration is that his complaint, if amended to include new claims and new

Defendants, would withstand a motion to dismiss.  In light of the above analysis, the Court finds

that this is not a proper basis for granting reconsideration.

   **ACCORDINGLY**, on this 13th day of June 2012, **IT IS HEREBY ORDERED THAT**

Plaintiff's motion for reconsideration (Doc. No. 16) and first and second "motion[s] to amend

and/or refile 1983 suit seeking damages" (Doc. Nos. 26, 31) are **DENIED**, and Plaintiff's motion

for appointment of counsel (Doc. No. 24) is **DENIED AS MOOT**.


                              S/ Yvette Kane_____
                              Yvette Kane, Chief Judge
                              United States District Court
                              Middle District of Pennsylvania